UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 3:25-CR-00217 (MPS) |
| MICHAEL REILLY | December 23, 2025 |

**MOTION TO ORDER A PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION, CONDUCT A COMPETENCY HEARING, CONTINUE JURY SELECTION, AND EXCLUDE SPEEDY TRIAL ACT TIME**

The United States of America, by its undersigned attorneys (the "Government"),[1] respectfully submits this motion pursuant to 18 U.S.C. §§ 4241 and 4247, requesting that the Court order a psychiatric or psychological examination of defendant and conduct a competency hearing. The Government also moves to continue jury selection, which is currently set for February 18, 2026, to on or after May 1, 2026 and to exclude the period from the date of the filing of this motion to the new date for jury selection from the Speedy Trial Clock.

**Procedural Background**

On November 18, 2025, United States Magistrate Judge Robert M. Spector conducted the defendant's initial appearance on a Criminal Complaint that charged he committed Threatening Communications in violation of 18 U.S.C. § 875(c) on November 14, 2025, in connection with Facebook posts that threatened to injure or kill an individual (Victim 1) and Victim 1's son. ECF Nos. 1, 7. That same day, Magistrate Judge Spector detained the defendant following a detention hearing. ECF No. 7.

---

[1] The Government has conferred with counsel for the defendant, Attorney Kevin Randolph, who declined to join or assent to this motion.

On December 11, 2025, a Grand Jury sitting in Hartford returned an Indictment charging the defendant with six counts of Threatening Communications in violation of 18 U.S.C. § 875(c) and one count of Stalking in violation of 18 U.S.C. §§ 2261A(2)(A) and 2261A(2)(B), all in connection with communications targeting Victim 1.  ECF No. 27.

On December 16, 2025, Magistrate Judge Spector conducted the defendant's arraignment. ECF No. 30.  On December 19, 2025, the Court scheduled jury selection for February 18, 2026 and a status conference for February 17, 2026.  ECF Nos. 39-40.

## Factual Background

As set forth in greater detail in the supporting Affidavit of Deputy United States Marshal ("DUSM") Michael Curra attached hereto as Government Exhibit 1 (the "Curra Affidavit"), the defendant has a lengthy history of apparently insufficiently treated mental illness and corresponding concerning behavior.  For example:

On or about August 29, 2024, police officers responded to the defendant's residence (which he shared with his ex-wife, Witness 1) after the defendant began to exhibit manic and delusional behavior, including stating that witches and a Christian group was hacking his phone and following him.  A local crisis organization declined to visit his home due to the danger that he posed to others, and the police determined that he needed to be committed to Bridgeport Hospital for an emergency psychiatric evaluation.  Witness 1 obtained a restraining order preventing him from returning to the home.  Curra Affidavit, ¶ 4.

On or about July 11, 2025, while the defendant was subject to GPS monitoring pursuant to a restraining order filed by Witness 1, the monitoring company received a tampering signal from his last known address, Extended Stay America.  The police encountered the defendant in the lobby,

2

without shoes and a shirt. The defendant claimed he had stored the GPS device in his hotel room freezer "so it wouldn't go off." Id., ¶ 11.

On or about November 10, 2025, the defendant sent Witness 2, who is a Deputy Chief with a local police department, a series of text messages that (a) stated the defendant was obtaining a protective order against Witness 2; (b) asked Witness 2 if he had turned himself in yet; and (c) stated he wanted money for being a confidential informant. Id., ¶ 13.

On November 18, 2025, during the execution of a search warrant for the defendant's hotel room, law enforcement officers seized a bottle of a long-lasting and high-potency benzodiazepine drug as well as two handwritten applications for protective orders against Victim 1 and Witness 2, each of which claimed that they were stalking him and following him from place to place. Id., ¶ 17. That same day, during and after the defendant's booking, he repeatedly insisted that Victim 1 was his attorney. Id., ¶¶ 19-20.

On December 1, 2025, the defendant placed a recorded telephone call from a local jail to one of his sisters, during which the defendant stated "I almost just whacked a dude in the head with a phone. . . . just now. He tried to hang up the phone on me. I fuckin' almost hit him over the head with the handle." Witness 4 asked the defendant if he was taking his medication yet, and the defendant replied "nah, I'm chillin' dude." Id., ¶ 24.

On December 10, 2025, the defendant mailed a letter from NHCC to his brother-in-law, Witness 3, that stated in pertinent part, "Wanted to let you know I'm at Whalley Correctional [*i.e.*, NHCC]. Is [Victim 1's first name] dead? Still here? Let me know. I'm looking for him. . . .: Id., ¶ 25.

On December 16, 2025, at the defendant's arraignment, he entered the courtroom prior to the Magistrate (and the commencement of recorded proceedings), looked at DUSM Curra, and asked, "Is

3

that [first name of Witness 3]?" The defendant then attempted to address Assistant United States Attorney Steven H. Breslow and began making comments about Witness 3 performing oral sex. Id., ¶ 26.

Consistent with this conduct, many witnesses, including the defendant's family members, have described the defendant's erratic behavior and concerning mental state. For example, Witness 3 stated that the defendant has a history of drug use, was committed in 2024, and likely needs help from a medical professional. Id., ¶ 27. Witness 6 stated that: (a) the defendant has "always had weird obsessions with people," including her, has texted her "abusive things," and has personally threatened her if she ever spoke up; and (b) she is not aware that the defendant has received any mental health treatment and has denied he has any mental health issues. Id., ¶ 30. Witness 7 stated that: (a) in September 2024, the defendant was committed to Bridgeport Hospital but had refused medical help; and (b) around this time, the defendant began to threaten people and experience what Witness 7 believed to be delusional thoughts. Id., ¶ 31. Witness 1 stated that: (a) she is very concerned about the defendant's mental health; (b) until approximately April 2024, the defendant appeared OK, but then his mental health declined such that she did not know him anymore; (c) at some point, the defendant began, among other things, to believe that the Catholic Church and a religious organization called the Alpha Group was out to get him and was following him; and (d) in approximately 2024, the defendant was committed to a hospital, but the doctors could not help him properly because he refused treatment. Lastly, Witness 4 stated that: (a) the defendant had been previously told by a doctor that he was "slightly bi-polar" and (b) she thinks the defendant has "manic episodes and paranoia." Id., ¶ 33.

## The Court Should Order a Psychiatric or Psychological Examination and Conduct a Competency Hearing

"It is well established that the Due Process Clause . . . prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992). "A defendant is considered competent if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *United States v. Oliver*, 626 F.2d 254, 258 (2d Cir. 1980) (internal quotation marks, citation, and alterations omitted). By contrast, "[a] defendant is not competent, and the criminal proceeding against him may not progress, when his mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *United States v. Kerr*, 752 F.3d 206, 215 (2d Cir. 2014) (internal quotation marks and citation omitted).

The procedure for determining competency is set forth in 18 U.S.C. § 4241, which provides that "at any time after the commencement of a prosecution," either party "may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). The Court must grant the motion if it finds "*reasonable cause to believe* that the defendant *may presently be* suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" *Id.* (emphasis added). Even if no party moves for a competency hearing, Section 4241(a) "requires the district court to order a hearing *sua sponte* to determine the mental competency of a defendant" if there is reasonable cause to believe the defendant may be suffering from such a mental disease or defect. *United States v. Quintieri*, 306 F.3d 1217, 1232 (2d Cir. 2002) (citing 18 U.S.C. § 4241(a)).

5

"The statute does not require an evidentiary hearing to determine reasonable cause." *United States v. Jackson*, 179 Fed. Appx. 921, 932 (6th Cir. 2006) (*citing United States v. McEachern*, 465 F.2d 833, 837 (5th Cir. 1972)); *see United States v. Zavesky*, 839 F.3d 688, 694 (8th Cir. 2016) (stating that "[a] court may make a 'reasonable cause' determination without a hearing").

"There is no precise definition of 'reasonable cause'; however, the Supreme Court has held that any significant doubt as to the defendant's competency requires a psychiatric or psychological competency evaluation. *Pate v. Robinson*, 283 U.S. 375, 385 (1966) (where evidence raises a bona fide doubt about the defendant's competency, an evaluation must be held). *See also United States v. Crosby*, 739 F.2d 1542, 1546 (11th Cir. [1984]) (test is whether there is reasonable cause to believe that the defendant 'might be incompetent to proceed,' not whether the defendant is incompetent)." *United States v. Parks*, 1999 WL 1045558, at *2, 198 F.3d 248 (table only) (6th Cir. 1999).

"[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but . . . even one of these factors standing alone may, in some circumstances, be sufficient. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope v. Missouri*, 420 U.S. 162, 180 (1975) (*citing Pate v. Robinson*).

Prior to a competency hearing, the Court "may order that a psychiatric or psychological examination of the defendant be conducted" pursuant to the provisions of sections 4247(b) and (c) to aid or assist the Court in its competency assessment. 18 U.S.C. § 4241(b). Under § 4247(b), the Court must order the examination to be "conducted by a licensed or certified psychiatrist or psychologist, or, if the Court finds it appropriate, by more than one such examiner." 18 U.S.C. §

6

4241(b). The Court may also commit the defendant to the custody of the Attorney General to be examined by a licensed or certified psychiatrist or psychologist for a reasonable period, not to exceed thirty days. *Id.*

After conclusion of a competency hearing, the Court must determine whether, by a preponderance of the evidence, the defendant is mentally incompetent to stand trial. 18 U.S.C. § 4241(d). If the Court finds in the affirmative, it must then commit the defendant to the custody of the Attorney General, who is in turn required to hospitalize the defendant in a suitable facility to attempt to restore him to competency. *Id.* A defendant may be found incompetent even when defense counsel asserts that he is competent. *United States v. Hemsi*, 901 F.2d 293, 294-96 (2d Cir. 1990).

Here, there is "*reasonable cause* to believe that the defendant *may presently be* suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (emphasis added). Among other things, the evidence indicates that: (a) on August 29, 2024, after the defendant exhibited delusional behavior, he was committed for an emergency psychiatric evaluation and subsequently declined treatment; (b) after the defendant was arrested on November 18, 2025, he believed that Victim 1 was his attorney and would be representing him in federal court; and (c) on December 16, 2025, he believed that DUSM Curra was Witness 3. Curra Affidavit, ¶¶ 4, 30b, 31c, 19, and 25.

To be clear, the Government is not currently asserting that the defendant is, in fact, suffering from such a mental disease or defect. Rather, because reasonable cause currently exists to believe the defendant might be suffering from such a condition, the Court must grant the motion for a competency hearing. 18 U.S.C. § 4241(a). Moreover, to aid the Court at the hearing, the Government respectfully

7

requests that the Court order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(b).

### The Court Should Reschedule Jury Selection and Exclude Speedy Trial Act Time

The Government respectfully requests that jury selection be rescheduled to on or after May 1, 2026 and that the period from the filing of this motion to the newly scheduled date of jury selection be excluded from the Speedy Trial Clock.

Pursuant to 18 U.S.C. § 3161(h), certain "periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence," including; (1) "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant[,]"18 U.S.C. § 3161(h)(1)(A); (2) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[,]"18 U.S.C. § 3161(h)(1)(D); and (3) "on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).

Here, a continuance until on or after May 1, 2026, will allow for the requested competency evaluation and related proceedings, permit the parties to explore resolutions of this matter short of trial, and give defense counsel and the defendant time to review discovery[2] and adequately prepare for trial and any pre-trial litigation.

---

[2] On December 18, 2025, the Government provided 3,874 pages of bates-labeled, indexed discovery pursuant to Fed. R. Crim. Pro. 16 and the Local Rules of the United States District Court for the District of Connecticut.

WHEREFORE, the Government respectfully requests that the Court grant the relief requested herein.

Dated: December 23, 2025

                                        FOR THE UNITED STATES

                                        LEAH B. FOLEY
                                        UNITED STATES ATTORNEY
                                        DISTRICT OF MASSACHUSETTS

                                        /s/ *Steven H. Breslow*
                                        Steven H. Breslow
                                        New York State Bar No. 29125247
                                        District of Connecticut Bar No. phv209067
                                        Assistant U.S. Attorney
                                        300 State Street, Suite 230
                                        Springfield, MA 01105
                                        Special Attorney to the United States Attorney General pursuant to 28 U.S.C. .§ 515(a).
                                        steve.breslow@usdoj.gov
                                        (413) 785-0330

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ *Steven H. Breslow*
                                        Steven H. Breslow
                                        Assistant United States Attorney
                                        District of Massachusetts
                                        Special Attorney to the United States Attorney General