UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 3:25-cr-217 (MPS) |
| MICHAEL REILLY | January 16, 2026 |

**<u>GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS</u>**

The United States of America, by its undersigned attorneys (the "Government"), respectfully submits this memorandum in opposition to defendant's motion for a bill of particulars (ECF No.43). In light of the detailed information provided in the Indictment and the extensive discovery materials disclosed thus far, and because the Government has not finished producing all of the relevant discovery materials, this motion is premature. Accordingly, the Government requests that the motion be denied without prejudice to refiling at a later date or held in abeyance until discovery has been completed.

**<u>Background</u>**

On December 11, 2025, a Grand Jury sitting in Hartford returned an Indictment charging the defendant with six counts of Threatening Communications in violation of 18 U.S.C. § 875(c) and one count of Stalking in violation of 18 U.S.C. §§ 2261A(2)(A) and 2261A(2)(B), all in connection with threatening communications that the defendant posted on his Facebook account targeting an individual identified as Victim-1. ECF No. 27. The Indictment specified the date and the specific communication (in quotation marks) for each of the charged threatening communications, as well as the means by which the defendant transmitted the communication (by posting on Facebook).

On December 16, 2025, the defendant was arraigned. ECF No. 30. On December 17-18, 2025, the Government provided initial discovery consisting of 3,875 pages of bates-labeled and indexed material. On January 15, 2026, the Government provided supplemental discovery consisting of an additional 163 pages of bates-labeled and indexed material.

The Government's discovery included the response of Meta Platforms, Inc. ("Meta") to a search warrant of the defendant's Facebook account, as well as a summary chart of the defendant's Facebook posts specifying the count, the date and time, the communication, the IP address, and the Internet Service Provider, subscriber, and mobile phone number for the communication, as well as information that Meta has no data centers in Connecticut (thus establishing that the defendant's posts were transmitted in interstate commerce).

On December 27, 2025, the defendant filed a Motion for a Bill of Particulars ("the Motion"), seeking information about whether Meta leases servers in Connecticut. ECF No. 43, at 2. The Government presently has no additional information concerning Meta's leasing of data centers or servers in Connecticut.

On January 7, 2025, the Government contacted Meta to inquire about its leasing of data centers or servers in Connecticut, and Meta subsequently responded that it required a Trial Subpoena to provide that information to the Government. On January 9, 2026, the Government issued a Trial Subpoena to Meta seeking information about its leasing of data centers or servers in Connecticut. On January 15, 2026, Meta confirmed they will provide that they will respond to the subpoena prior to

the currently scheduled date of jury selection on February 18, 2026.[1]  The Government will provide defense counsel with Meta's response after receiving it.

As set forth below, the defendant is not entitled to a bill of particulars because discovery is ongoing.  Accordingly, the Motion is premature and should be denied without prejudice to refiling at a later date or held in abeyance until the completion of discovery.

### Discussion

The proper scope and function of a bill of particulars is to furnish facts supplemental to those contained in the indictment that are necessary to apprise the defendant of the charges against him with sufficient precision so as to enable him to prepare his defense, avoid unfair surprise at trial, and to preclude a second prosecution for the same offense.  *See* Fed. R. Crim P. 7(f); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  "But a bill of particulars is not a general investigative tool for the defense, nor a device to compel disclosure of the government's evidence or legal theory prior to trial."  *United States v. Baez*, 62 F. Supp. 2d 557, 559 (D. Conn. 1999). "Acquisition of evidentiary detail is not the function of the bill of particulars."  *United States v. Acheampong*, 3:96-CR-132 (AHN), 1996 WL 684417, at *2 (D. Conn. Oct. 8, 1996) (citation omitted).

Moreover, "[e]ven if the indictment does not fully give notice of the charges, a bill of particulars is still not necessary if the government provides the required notice in 'some acceptable alternate

---

[1] On December 19, 2025, the Court scheduled jury selection for February 18, 2026 and a status conference for February 17, 2026. ECF Nos. 39-40.  On December 23, 2025, the Government filed a motion to order a psychiatric or psychological examination of the defendant, conduct a competency hearing, continue jury selection, and exclude time from the Speedy Trial Clock. ECF No. 42.  On December 28, 2025, defense counsel filed a motion to preclude that opposed the Government's motion. ECF No. 44.  Both motions are pending.

3

form.'" *United States v. Paris*, No. 3:06-CR-0064 (CFD), 2007 WL 1158117, at *1 (D. Conn. Apr. 18, 2007) (specifying that the "acceptable alternate form" may be through discovery) (quoting *Bortnovsky*, 820 F.2d at 574); *see also United States v. Nicolo*, 523 F. Supp. 2d 303, 315 (W.D.N.Y. 2007), aff'd, 421 F. App'x 57 (2d Cir. 2011) (same). "In determining whether a bill of particulars is necessary, courts examine the totality of the information available to the defendant." *United States v. Carpenter*, No. 3:13-CR-226(RNC), 2015 WL 9480449, at *2 (D. Conn. Dec. 29, 2015) (finding that the information provided in the indictment and in the discovery materials and witness reports made a bill of particular unnecessary). "[N]o bill of particulars is required if the information sought has been obtained through the discovery process." *United States v. Ganim*, 225 F. Supp. 2d 145, 156 (D. Conn. 2002).

Here, the Indictment, the discovery produced thus far, and the discovery that will continue to be produced when Meta responds to the Trial Subpoena provide all of the information necessary to apprise the defendant of the charges against him with sufficient precision so as to enable him to prepare his defense, avoid unfair surprise at trial, and to preclude a second prosecution for the same offense. Accordingly, the Government respectfully requests that the Court deny the Motion as premature or hold it in abeyance pending the completion of discovery in this matter.

### Conclusion

For the reasons set forth above, the defendant's motion for a bill of particulars should be denied as premature or held in abeyance until all of the discovery has been produced in this matter.

Dated: January 16, 2026

FOR THE UNITED STATES

LEAH B. FOLEY

4

        UNITED STATES ATTORNEY
        DISTRICT OF MASSACHUSETTS

/s/ *Steven H. Breslow*
Steven H. Breslow
New York State Bar No. 29125247
District of Connecticut Bar No. phv209067
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
Special Attorney to the United States Attorney General pursuant to 28 U.S.C. § 515(a).
steve.breslow@usdoj.gov
(413) 785-0330

/s/ *Caroline Merck*
Caroline Merck
Assistant U.S. Attorney
Massachusetts Bar No. 691919
Special Attorney to the United States Attorney General pursuant to 28 U.S.C. § 515(a).
caroline.merck@usdoj.gov
(857) 772-3403

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 16, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ *Steven H. Breslow*
        Steven H. Breslow
        Assistant United States Attorney
        District of Massachusetts
        Special Attorney to the United States Attorney General